Territorial Law Library



IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| THE PEOPLE OF GUAM | ) CRIMINAL CASE NO. CF0354-08 |
| | ) |
| vs. | ) |
| | ) |
| KERRY MASGA MANGLONA, | ) DECISION AND ORDER |
| | ) |
| Defendant. | ) |
| | ) |

This matter came before the Honorable Alberto C. Lamorena III on June 30, 2009 on Defendant's Motion for Diversion. Attorney Kimberli Raines appeared on behalf of the People of Guam. Appearing on behalf of Defendant was Attorney Richard S. Dirkx. After reading the parties' briefs, the Court took the matters under advisement. The Court now issues its Decision and Order.

## FACTUAL HISTORY

On August 12, 2008, the Defendant was arrested and subsequently charged with Family Violence as a Third Degree Felony, Possession of a Firearm without a Firearm ID Card as a Third Degree Felony, and Public Drunkenness as a Violation.

## DISCUSSION

Though Defendant is statutorily eligible for diversion under Title 9 G.C.A. §30.80(a), the People object to Defendant's motion, arguing that Defendant has committed additional offenses that are not eligible for the diversion process, and that the Defendant inflicted serious bodily injury upon the victim. Defendant argues that he is in need of treatment and educational

-1-

programs, and to be reunited with his family, that the Court has the discretion under Title 9 G.C.A. §30.80 to declare a defendant eligible for the diversion process in any case involving a criminal act against a family or household member, regardless of the nature of the other charges, and that the injury allegedly inflicted did not rise to the level of serious bodily injury.

Even if the Court had the discretion to apply Title 9 G.C.A. §30.80 to all cases in which there is at least one criminal act against a family or household member, the Court believes it to be prudent to divert only those charges that can be successfully treated by the diversion process, or are, at the bare minimum, tangentially related to the criminal act against the family or household member. Defendant is otherwise an appropriate candidate for diversion under the factors listed in Title 9 G.C.A. §30.80.1. The injuries alleged do not rise to the level of serious bodily injury, as any loss of consciousness was not claimed to be protracted, and the firearm located near the scene was not related to the other crimes of which Defendant is accused. The Court shall grant diversion for the charges of Family Violence and Public Drunkenness, but denies diversion for the charge of Possession of a Firearm without a Firearm ID Card.

## CONCLUSION

Based on the above, Defendant's Motion for Diversion is hereby GRANTED in part and DENIED in part. A trial setting will be held on August 4, 2009 at 2:00 P.M.

**IT IS SO ORDERED** this 9th day of July, 2009.

Alberto C. Lamorena III
Presiding Judge
Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the Clerk of the Superior Court of Guam Dated at Hagatna, Guam

JUL 1 0 2009



Jerry T. Guerrero
Deputy Clerk, Superior Court of Guam

-2-